904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kent G. SHULTZ, Plaintiff-Appellant,
v.
H. Gary WELLS, Warden; Robert Forberg, Assistant Deputy of
Housing, Defendants-Appellees.
 No. 90-1081.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, motion to have appeal heard on the full district court record, and plaintiff's briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a 42 U.S.C. Sec. 1983 civil rights complaint alleging that he was deprived of his property which violated his right of due process. Plaintiff's property was allegedly stolen from a prison locker by other prisoners, and plaintiff failed to recover all the stolen property.
 
 
 3
 Upon review of the entire district court record, we conclude that the district court correctly determined the complaint was frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). This complaint lacks an arguable basis in law or in fact. The Parratt v. Taylor, 451 U.S. 527 (1981), doctrine provides for dismissal of a complaint alleging deprivation of a property interest in violation of procedural due process when no property interest was implicated, the property interest was deprived as the result of simple negligence, or the wrongdoing was randomly committed either in the absence of state law or in contrast to state law. Here the plaintiff has failed to plead and prove that his state remedies are inadequate to provide relief. Adequate state law remedies are available to him to redress the alleged wrongdoing.
 
 
 4
 Accordingly, the district court's decision is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.